

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 13-CR-20834 |
| Plaintiff, | Hon. Thomas L. Ludington<br>Magistrate Charles E. Binder |
| v. | Offense:<br>**COUNT 2: Threatening to Kill President** |
| TIMOTHY HEATH FINDLAY | **18 U.S.C. § 871(a)** |
| Defendant. | Statutory Penalties:<br>Imprisonment - up to 5 years |
| _____/ | Supervised Release – up to 3 years<br>Fine - up to $250,000 |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant and the government agree as follows:

**1.  GUILTY PLEA**

    **A.  Count of Conviction**

Defendant will enter a plea of guilty to count two of the indictment, which charges defendant with threatening to kill the President of the United States in violation of 18 U.S.C. § 871(a).

**B.** <u>**Elements of Offense**</u>

The elements of the offense are that on or about September 13, 2013:

1. defendant knowingly and willfully made a true threat to take the life of a victim; and

2. the victim was the President of the United States.

**C.** <u>**Factual Basis for Guilty Pleas**</u>

The parties agree that the following facts are true and are a sufficient basis for defendant's guilty pleas:

In September of 2013, Timothy Findlay was in the Ogemaw County Jail for unrelated bomb threat charges filed in state court. During the week of September 8th, Findlay wrote two notes that were read by jail staff. The first note said, "I want to kill Judge Nobile and the President with a bomb." The second note said, "I want to bomb the white house." Additionally, defendant wrote on the walls of his jail cell: "Fucking Kill The President Bitches" and "Kill Obama." On September 13th, Findlay told Secret Service Agent Lee Kuykendall that if he were drunk he would definitely try to kill the President. Findlay admitted that he wanted to kill Barrack Obama. Further, Findlay stated that once he got out of prison he would get a rifle, borrow a car, drive to Washington DC, and kill the President.

D. **Additional Stipulations**

1. Findlay wrote a letter to the President around ~~the spring of~~ [2011 or] 2012 saying that he was going to kill President Obama. Findlay intended to mail the letter but a relative talked Findlay out of sending it.

2. In November 2013, Findlay wrote another note which was discovered by a jail guard which said "I'm going to kill all the Presidents of the United States . . . ."

2. **SENTENCING GUIDELINES**

A. **Standard of Proof**

The court will find sentencing factors by a preponderance of the evidence.

B. **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **12-18 months**, as stated in the attached worksheets. If the court finds: (a) that defendant's criminal history category is higher than reflected on the attached worksheets, or (b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; committed a new offense; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice, and if any such finding results in a higher guideline range, the higher

guideline range becomes the agreed range of the parties.

Based on the present circumstances, the U.S. Attorney recommends that defendant be granted a reduction of two levels for acceptance of responsibility. The U.S. Attorney may recommend against giving defendant credit for acceptance of responsibility if, after the guilty plea has been entered, the U.S. Attorney's office learns of information inconsistent with the adjustment.

Neither party may take a position in this court contrary to any position of that party as stated above, except as necessary to the court's determination regarding defendant's criminal history, acceptance of responsibility, and obstruction of justice. A breach of this condition will entitle the non-breaching party to withdraw from this plea agreement.

3.    **SENTENCE**

The court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by paragraph 2B of this agreement.

B. **Supervised Release**

A term of supervised release of up to three years shall follow the term of imprisonment pursuant to 18 U.S.C. § 3583(k). The agreement concerning imprisonment described above does not apply to any term of imprisonment that results from any later revocation of supervised release.

C. **Special Assessment**

Defendant will pay a special assessment of **$100**.

D. **Fine**

The court may impose a fine in any amount up to **$250,000.**

E. **Restitution**

Restitution is not applicable in this case.

4. **OTHER CHARGES**

If the court accepts this agreement, the government will dismiss count one and not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets and the above stipulated facts.

5. **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the court imposes a sentence below the applicable guideline range as determined by paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the court decides to impose a sentence higher than the maximum allowed by this agreement. This is the only reason for which defendant may withdraw from this agreement. If defendant decides not to withdraw his guilty plea pursuant to this provision, the sentence that the court imposes may be greater than that allowed by this agreement.

6. **APPEAL AND COLLAERAL ATTACK WAIVER**

Defendant waives the right to appeal his conviction or sentence on any grounds. If the sentence imposed is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence but retains its right to appeal any sentence below that range.

Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his

conviction or sentence in any post-conviction proceeding, including–but not limited to–any proceeding under 28 U.S.C. § 2255.

7. **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea, or if the conviction entered pursuant to this agreement is vacated, any charges dismissed or not made pursuant to this agreement, and additional charges which relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the stipulated facts or attached worksheets, may be filed against defendant within six months after the order vacating defendant's conviction(s) or allowing him to withdraw his guilty plea becomes final. Defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8. **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. Except as provided in the next paragraph, this agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

However, unless expressly stated herein, this agreement does not supersede or abrogate the terms of any cooperation agreement between the parties, and each party retains whatever obligations and protections that exist under such cooperation agreement. Similarly, unless expressly stated herein, this agreement does not supersede or abrogate the terms of any proffer letter (often referred to as a "Kastigar letter"), pursuant to which defendant agreed to provide information to the government to assist the government in determining how to resolve the matter, but which also provided defendant certain protections in the form of

agreed upon restrictions on the government's ability to use the information provided. Unless expressly stated herein, the terms and conditions of any such proffer letter are not abrogated by this plea agreement, and remain operative and binding on the parties according to the terms of that proffer letter.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 10. ACKNOWLEDGMENT

Defendant understands that a felony conviction makes it illegal under most circumstances for a person to possess or receive a firearm or ammunition.

## 11. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on January 23, 2014. The

government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

|  |  |
|---|---|
| _____<br>JANET L. PARKER<br>Assistant U.S. Attorney<br>Deputy Chief, Branch Offices<br><br>Date: January 10, 2014 | BARBARA L. McQUADE<br>United States Attorney<br><br>_____<br>ROY R. KRANZ<br>Assistant U.S. Attorney |

By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to its terms. Defendant also acknowledges being satisfied with defense attorney's advice and representation. Defendant acknowledges having had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.

_____
KENNETH R. SASSE
Attorney for Defendant

Date: Jan. 17, 2014

_____
TIMOTHY HEATH FINDLAY
Defendant

| Defendant: | Timothy Heath Findlay | Count: | Two: Threating to Kill the President |
|---|---|---|---|
| Docket No.: | 13CR20834 | Statute(s): | 18 U.S.C. §871(a) |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all  "closely related" to each other within the meaning of  U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS**  (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2A6.1(a)(1) | Threatening or harassing communications | 12 |
| 2A6.1(b)(2) | Offense involved more than two threats | 2 |
| | | |
| | | |
| | | |

2. **ADJUSTMENTS**  (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

3. **ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**14**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*   [x]

*If the defendant has no criminal history, check this box and skip Worksheet C.*   [ ]

Rev.  8/2010

| Defendant: | Timothy Heath Findlay | Count: | Two: Threating to Kill the President |
|---|---|---|---|
| Docket No.: | 13CR20834 | Statute(s): | 18 U.S.C. §871(a) |

# WORKSHEET C    (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):    March 2012

1. **PRIOR SENTENCES**

   **Prior Sentence of Imprisonment Exceeding 13 Months   (U.S.S.G. §§ 4A1.1(a)):    3 POINTS**
   Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

   **Prior Sentence of Imprisonment of at Least 60 Days   (U.S.S.G. §§ 4A1.1(b)):    2 POINTS**
   Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

   **Other Prior Sentences   (U.S.S.G. §§ 4A1.1(c)):    1 POINT**
   Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 10/20/1994 | A | break & enter building with intent | 180 days jail | | 0 |
| 08/05/1993 | A | fire false alarm | 90 days jail | | 0 |
| 04/12/2004 | A | attempted malicious destruction of a building less than $200 | 46 days jail | | 1 |
| 03/06/2006 | A | disorderly drunk | fine and cost | | 1 |
| 3/22/2010 | A | Emergency 911 service using for unauthorized purpose | 45 days jail | | 1 |
| | | | | | |
| | | | | | |

**COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE**

| Defendant: | Timothy Heath Findlay | Count: | Two: Threating to Kill the President |
|---|---|---|---|
| Docket No.: | 13CR20834 | Statute(s): | 18 U.S.C. §871(a) |

**2.   (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status.  (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

| 0 |

**3.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE   (U.S.S.G. § 4A1.1(f))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.  But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE:  No more than 3 points may be added under this item.

| 0 |

**4.   TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

| 3 |

**5.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

| II |

Rev.  8/2010

| | | | |
|---|---|---|---|
| Defendant: | Timothy Heath Findlay | Count: | Two: Threating to Kill the President |
| Docket No.: | 13CR20834 | Statute(s): | 18 U.S.C. §871(a) |

# WORKSHEET D    (Guideline Range)

**1.    (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

> 14

**2.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY    (U.S.S.G. § 3E1.1)**

> 2

**3.    TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> 12

**4.    CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

> II

**5.    CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

   a.  Total Offense Level:   If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

> n/a

   b.  Criminal History Category:   If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

> n/a

**6.    GUIDELINE RANGE FROM SENTENCING TABLE    (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

> 12-18 months

***guidelines are at least 18-24 months if convicted as charged***

**7.    STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (See U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

Rev.  8/2010

| Defendant: | Timothy Heath Findlay | Count: | Two: Threating to Kill the President |
|---|---|---|---|
| Docket No.: | 13CR20834 | Statute(s): | 18 U.S.C. §871(a) |

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION**   (U.S.S.G. ch. 5, pt. B)

   a. <u>Imposition of a Term of Probation</u>   (U.S.S.G. § 5B1.1)

   [x]   1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).   If this box is checked, go to Item 2 (Split Sentence).

   [ ]   2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   3.3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

   b. <u>Length of Term of Probation</u>   (U.S.S.G. § 5B1.2)

   [ ]   1. At least 1 year but not more than 5 years (total offense level ≥ 6).

   [ ]   2. No more than 3 years (total offense level < 6).

   c. <u>Conditions of Probation</u>   (U.S.S.G. § 5B1.3)

   The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE**   (U.S.S.G. § 5C1.1(c)(2), (d)(2))

   [x]   a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

   [ ]   b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).   The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).   The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT**   (U.S.S.G. ch. 5, pt. C)

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).   (*See* U.S.S.G. § 5C1.1.)

Rev.  8/2010

| | |  | |
|---|---|---|---|
| Defendant: | Timothy Heath Findlay | Count: | Two: Threating to Kill the President |
| Docket No.: | 13CR20834 | Statute(s): | 18 U.S.C. §871(a) |

(WORKSHEET E, p. 2)

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

    a.    <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.    <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

[ ] 1.1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

[X] 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

[ ] 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

[ ] 4. The statute of conviction requires a minimum term of supervised release of <u>  years</u>.

    c.    <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

[ ] 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

[ ] 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $<u>    </u>.

[ ] 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $<u>    </u>. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

[ ] 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $<u>    </u>. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[X] 5. Restitution is not applicable.

Rev. 8/2010

| | | | |
|---|---|---|---|
| Defendant: | Timothy Heath Findlay | Count: | Two: Threating to Kill the President |
| Docket No.: | 13CR20834 | Statute(s): | 18 U.S.C. §871(a) |

(WORKSHEET E, p. 3)

## 6. FINE (U.S.S.G. § 5E1.2)

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table   (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $3,000 | $ 30,000 |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

   $100.00 for every count charging a felony ($400 for a corporation)
   $ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
   $ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
   $  5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 100     .

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

[ ]   Assets of the defendant will be forfeited          [x]   Assets of defendant will not be forfeited

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

## 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

Rev. 8/2010